IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN LORENZO BARELA, JR., #58747-051, PETITIONER, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:18-CV-3217-C-BK |
| MARTHA UNDERWOOD, WARDEN, RESPONDENT. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this action was referred to the United States magistrate judge for case management, including findings and a recommended disposition. As detailed here, Petitioner Juan Lorenzo Barela's *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* should be **DENIED**.

**I.    BACKGROUND**

By the petition *sub judice*, Barela challenges a prison disciplinary proceeding on due process grounds under 28 U.S.C. § 2241. Doc. 3 at 2. On December 31, 2017, Bureau of Prison (BOP) staff noticed Barela had sustained injuries. Doc. 11 at 15. A SIS investigation, which concluded on January 30, 2018, found that Barela had been in a physical altercation with another inmate. Doc. 11 at 15. When interviewed, Barela admitted to fighting with the inmate. Doc. 11 at 15. On that same day, BOP staff wrote an incident report, charging Barela with violating BOP Code section 201, "Fighting with Another Person." Doc. 11 at 15. Barela received a copy of the Incident Report on January 31, 2018. Doc. 11 at 16, ¶ 24.

On February 5, 2018, a Unit Disciplinary Committee (UDC) found the report valid and referred the charge to the DHO for further hearing. Doc. 11 at 15-16. Barela received notice of the DHO hearing and his hearing rights and requested M. Martinez as his staff representative. Doc. 11 at 18; Doc. 11 at 20; Doc. 11 at 22-23. At the March 3, 2018 hearing, Barela presented no witnesses, stated that he understood his rights, and received a copy of the incident report. Doc. 11 at 22-23. Relying on the incident report and Barela's own initial admission of guilt, the DHO found that he committed the prohibited act. Doc. 11 at 23.

Although the DHO's report stated that Barela "wanted to waive [his] right to staff representative (M. Martinez)," Doc. 11 at 23, Barela contended that he did not waive this right, but that Martinez failed to show up to the hearing. Doc. 14 at 4. On these grounds, Barela pursued an administrative remedy appeal, and the regional director ordered a rehearing on June 6, 2018, based on Barela's lack of representation. Doc. 11 at 26-27. Following a rehearing on June 28, 2018, the DHO again found that Barela had engaged in the prohibited conduct of Fighting with Another Person. Doc. 11 at 31 (original DHO rehearing report); Doc. 11 at 36 (amended DHO rehearing report). The DHO re-imposed sanctions of 30 days of disciplinary segregation, disallowance of 27 days of good time credit, 30 days loss of commissary privileges, and 90 days loss of visiting and phone privileges. Doc. 11 at 31; Doc. 11 at 36.

In this *pro se* habeas action, Barela asserts that he was not afforded due process of law during the disciplinary proceedings because: (1) the allegations against him were not supported by substantial evidence; (2) he was not given staff representation; and (3) he lacked notice and

adequate time to prepare for the rehearing.[1]  Doc. 3 at 6-7; Doc. 14 at 5.  Barela requests the return of disallowed good time credits and expunction of the incident report and disciplinary record.  Doc. 3 at 9.  Respondent argues the petition lacks merit.  Doc. 10.  Barela has filed a reply.  Doc. 14.  Upon review, the Court concludes that Barela received adequate due process during the disciplinary proceeding; thus, his petition has no merit.

## II.    ANALYSIS

"When a prisoner has a liberty interest in good time credit, revocation of such credit must comply with minimal procedural requirements."  *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000)).  Specifically, an inmate charged with a disciplinary violation must be given (1) advanced written notice of the charges, (2) "a brief period of time after the notice, no less than 24 hours," to prepare for disciplinary hearing, (3) the opportunity to appear and call witnesses, (4) the opportunity, in certain situations, to receive the assistance of a fellow inmate or staff, and (5) a written statement by the fact finder as to the evidence relied on for the decision.  *Wolff v. McDonnell*, 418 U.S. 539, 562-566 (1974).

### A.  Rehearing Decision was Supported by Sufficient Evidence

Barela claims that the DHO's rehearing findings were not supported by the "some evidence" standard set forth in *Superintendent, Massachusetts Correctional Institution v. Hill,* 472 U.S. 445, 454-56 (1985); Doc. 3 at 8. Doc. 14 at 11-12.  The record does not bear that out, however.

---

[1] In his reply, Barela abandons his claim that he was denied the right to call witnesses.  Doc. 3 at 7; Doc. 14 at 15.  Further, his retaliation and First Amendment claims, Doc. 3 at 6-7, are not cognizable in this habeas corpus action.  Doc. 16.

In reviewing an institution's disciplinary actions, the Court need only consider if the decision was supported by "some basis in fact" or "a modicum of evidence." *Hill*, 472 U.S. 454-456. Court intervention is necessary only when the DHO's action is "arbitrary or capricious." *Reeves v. Pettox*, 19 F.3d 1060, 1062 (5th Cir. 1994); *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001) ("The goal . . . is to balance the need to prevent arbitrary deprivation of protected liberty interests with the need to acknowledge institutional interests and avoid administrative burdens." (citations omitted)).   Moreover, the evidence need not eliminate all other conclusions, nor does the "some evidence" standard require a weighing of the evidence or an independent assessment of witness credibility.  *Hill*, 472 U.S. at 454-56.  An incident report alone can constitute some evidence.  *See Hudson*, 242 F.3d at 536-37.

Contrary to Barela's assertions, there was clearly "some evidence" to support the DHO's finding in the present case.  In finding Barela guilty, the DHO relied on the incident report, Barela's own admission of guilt when he was initially questioned, and the fact that he had injuries consistent with an altercation.  Doc. 11 at 36 (amended DHO report on rehearing); *see also* Doc. 11 at 23 (original DHO report).  Furthermore, multiple witnesses gave statements claiming to have seen Barela fighting with the other inmate.  Doc. 11 at 36; Doc. 11 at 23.  Clearly there is more than "a modicum of evidence" to support the DHO's findings.  *See Hill*, 472 U.S. 454-56.

Barela complains about discrepancies between the original and amended rehearing reports—specifically that the corrections were not only of typographical errors, the report was amended only after the Court ordered Respondent to answer, and the alterations "dramatically changed the factual substance of the third and fifth paragraphs in Sec. V" of the DHO rehearing report.  Doc. 14 at 13-14.  However, the amended rehearing report accurately reflected the

evidence, and Barela's assertions do not and cannot show otherwise. Moreover, in this case, there is no basis to conclude that the DHO's rehearing decision was arbitrary or capricious even considering the discrepancies, *Reeves*, 19 F.3d at 1062, especially in light of the physical signs on Barela of an altercation, his own admission, and the incident report.

### B. Petitioner Waived His Right to Staff Representation

Barela also contends that he was deprived of his right to staff representation at the June 28, 2018 rehearing. Doc. 14 at 5. Yet the original and amended DHO rehearing reports stated that Barela waived his right to a staff representative. Doc. 11 at 30, 35. In his reply, Barela points out that there is no form titled "Notice of Discipline Hearing Before the (DHO)," which evinces that he was not provided notice of the rehearing and, thus, was unable to retain staff representation prior to the rehearing. Doc. 14 at 5, 16. He also complains that the written documentation of his purported waiver on the "Duties of Staff Representative" form, are inadequate to establish that he knowingly waived his right to representation. Doc. 11 at 33; Doc. 14 at 6, 16. However, this claim also fails.

Barela's self-serving and conclusory assertion that he requested staff representation at the rehearing is incredulous, especially considering that he was well aware of his right to representation, having been granted a rehearing on that very ground. Doc. 14 at 6. That notwithstanding, inmates do not have a constitutionally protected right to staff representation at a prison disciplinary hearing. *Wolff*, 418 U.S. at 570; *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009). An inmate can seek staff representation if the inmate is illiterate or when "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Wolff*, 418 U.S. at 570. Barela does not contend that he is illiterate, and the sole issue at his disciplinary rehearing was whether

he fought with another inmate, which is not complex. *See* Doc. 11 at 30, 35. Thus, Barela's lack of representation at the rehearing cannot support a claim of due process violation. *Wolff*, 418 U.S. at 570.

### C. Notice Satisfied Minimal Due Process Requirements

Relatedly, Barela contends that because he was not given prior notice of the June 28, 2018 rehearing, he also was unable to adequately prepare. Doc. 14 at 5-6. Barela avers that: (1) the rehearing was held "abruptly" and "without advance notice"; (2) he was summoned to the Lieutenant's office "on a pretense" and "told that the rehearing was about to take place at once"; and (3) Counselor Guzman, just one week earlier, led him to believe that the disciplinary charge had been expunged. Doc. 14 at 5-7. Barela further asserts that the Regional Director's June 6, 2018 letter remanding for a rehearing stated, "[y]ou will be advised of the date and time of the rehearing." Doc. 14 at 6.

Once again, the record belies Barela's claim. *Wolff* dictates only that an inmate must be given "written notice of the charges…in order to inform him of the charges and to enable him to marshal the facts and prepare a defense" at least 24 hours before the hearing. 418 U.S. at 564. *Wolff* "does not require notice of a hearing or notice of a charge during a hearing but rather notice *of the charges* at least 24 hours prior to a disciplinary hearing." *Allen v. Fox*, 772 F. App'x 124, 125-26 (5th Cir. 2019) (per curiam) (emphasis added). Consequently, any failure to inform Barela in advance of the time and date of the rehearing did not violate his right to due process.

Barela was given notice of the charges well in advance of 24 hours of the rehearing via the Incident Report dated January 31, 2018 (delivered February 5, 2018), the "Notice of

Discipline Hearing" (dated February 5, 2018), and by the first hearing (held March 11, 2018). Doc. 11 at 20. Consequently, he had ample time to prepare a defense following his receipt of the Regional Director's June 6, 2018 letter remanding for a rehearing. In any event, Barela has not established that the alleged due process "violation had an injurious effect on the outcome of the disciplinary hearing given the substantial evidence of his guilt." *Allen*, 772 F. App'x at 126 (citing *Williams v. Johnson*, 171 F.3d 300, 307 (5th Cir. 1999); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997)).

### III.   CONCLUSION

Based on the foregoing, the petition for writ of habeas corpus should be **DENIED**.

**SO RECOMMENDED** on September 6, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).